Opinion issued February 17, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00676-CR

———————————

William Earl Ferris, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 56th District Court

Galveston County, Texas



Trial Court Case No. 08CR1520

 



 

MEMORANDUM OPINION

          Appellant,
William Earl Ferris, pleaded guilty to the felony offense of aggravated
assault.[1]  The trial court deferred adjudication of
guilt and placed appellant on six years’ community supervision.  The State subsequently moved to adjudicate
guilt, alleging that appellant had committed eight distinct violations of the
terms and conditions of his community supervision.  Appellant pleaded true to the allegation that
he failed to complete his required community service hours.  After the trial court found four of the
allegations true, it revoked appellant’s community supervision and assessed
punishment at five years’ confinement. 
In two issues, appellant contends that the trial court erred in
(1) admitting appellant’s entire probation file as a business record and
(2) revoking appellant’s community supervision because the State failed to
present sufficient evidence that appellant committed the offenses of assault
and wrongful possession of another’s identifying information while on community
supervision.

          We
affirm.

Background

          In
May 2008, the State charged appellant with the felony offense of aggravated
assault with a deadly weapon.  Pursuant
to a plea agreement, appellant pleaded guilty, and the trial court deferred
adjudication of guilt and placed appellant on community supervision for six
years.  The State subsequently moved to
adjudicate guilt and to revoke appellant’s community supervision, alleging that
he had violated the conditions of his community supervision by (1) committing
two thefts, (2) assaulting his girlfriend, (3) wrongfully possessing
another’s identifying information, (4) failing to report subsequent arrests to
his probation supervisor within forty-eight hours, (5) failing to perform the
required community service hours at a rate of sixteen hours per month,
(6) failing to make an appointment for a “psychological abuse assessment
evaluation,” and (7) failing to enroll in a domestic violence or anger control
program.

          At
the revocation hearing, appellant pleaded “not true” to five of the alleged
violations.  Appellant pleaded true to
the allegation that he had failed to perform his required community service
hours at the rate of at least sixteen hours per month.[2]  During the direct-examination of Joseph
Eaglin, appellant’s probation supervisor, the State offered appellant’s entire
probation file.  Defense counsel objected
to the admission of this file on the ground that, although the State had proved
that the file qualified as a business record, the file “contain[ed] hearsay and
other matters that are questionable as far as being validated.”  The trial court admitted the file as a
business record, but instructed defense counsel to object if she noticed a
particular document in the file that was subject to a hearsay objection.  Eaglin testified regarding appellant’s
failure to report his subsequent arrests within forty-eight hours and his
failure to perform community service at the required rate.  Defense counsel did not object to this
testimony, or to any other testimony relating to appellant’s alleged violations.  In closing argument, defense counsel
acknowledged that appellant had failed to complete his community service hours
and she conceded that he “violated his probation.”

The trial court found that
appellant had violated four conditions of his community supervision:  (1) appellant committed assault, (2)
appellant wrongfully possessed another’s identifying information, (3) appellant
failed to report his arrests within forty-eight hours, and (4) appellant failed
to complete his required community service hours.  The trial court revoked appellant’s community
supervision and assessed punishment at five years’ confinement.

Standard of Review

          A
community supervision revocation proceeding is neither criminal nor civil in
nature—rather, it is an
administrative proceeding.  Cobb v. State, 851 S.W.2d 871, 873 (Tex.
Crim. App. 1993); Canseco v. State,
199 S.W.3d 437, 438 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  At a revocation hearing, the State must prove
by a preponderance of the evidence that the defendant has violated a condition
of his community supervision.  Rickels v. State, 202 S.W.3d 759, 763–64
(Tex. Crim. App. 2006) (quoting Scamardo
v. State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)); Canseco, 199 S.W.3d at 438. 
Our review of an order adjudicating guilt and revoking community
supervision is limited to determining whether the trial court abused its
discretion in ruling that the defendant violated the terms of his community
supervision.  Rickels, 202 S.W.3d at 763 (quoting Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)); Duncan v. State, 321 S.W.3d 53, 56–57
(Tex. App.—Houston [1st Dist.] 2010, pet. ref’d).  We examine the evidence in the light most
favorable to the trial court’s order.  Duncan, 321 S.W.3d at 57; Canseco, 199 S.W.3d at 439.

          A
finding of a single violation of the terms of community supervision is
sufficient to support revocation.  Moore v. State, 605 S.W.2d 924, 926
(Tex. Crim. App. 1980) (“We need not address appellant’s other contentions
since one sufficient ground for revocation will support the court’s order to
revoke probation.”); Joseph v. State,
3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing Sanchez v. State, 603 S.W.2d 869, 871
(Tex. Crim. App. 1980)).  Thus, in order
to prevail on appeal, the defendant must successfully challenge all of the
findings that support the revocation order. 
Joseph, 3 S.W.3d at 640; Baxter v. State, 936 S.W.2d 469, 472
(Tex. App.—Fort Worth 1996, pet. dism’d) (holding that because appellant did
not challenge second ground for revocation, sufficient evidence supported
revocation).  A plea of true to an
allegation that the defendant violated a condition of community supervision is,
standing alone, sufficient to support the revocation.  Cole v.
State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); see also Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979)
(“Appellant’s plea of true, standing alone is sufficient to support the
revocation of probation.”).

Admission of Probation File

In his first issue, appellant
contends that the trial court erred in admitting his entire probation file
because the State did not establish the predicate for the admission of
“negative evidence” in a business record. 
Appellant contends that because the probation file and the
authenticating officer’s testimony regarding its contents is the “only evidence
offered to support the Appellant’s alleged non-compliance” with the community
supervision conditions requiring appellant to report all arrests within
forty-eight hours and to complete 240 hours of community service at the rate of
sixteen hours per month, we should vacate the trial court’s finding that
appellant violated these two conditions.

We review a trial court’s decision
to admit evidence for an abuse of discretion. 
Zuliani v. State, 97 S.W.3d
589, 595 (Tex. Crim. App. 2003).  A trial
court abuses its discretion only if its decision is “so clearly wrong as to lie
outside the zone within which reasonable people might disagree.”  Taylor
v. State, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008); Roberts v. State, 29 S.W.3d 596, 600 (Tex. App.—Houston [1st Dist.]
2000, pet. ref’d).  A trial court does
not abuse its discretion if any evidence supports its decision.  See
Osbourn v. State, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002).  If the trial court’s decision is correct on
any theory of law applicable to the case, we will uphold the decision.  De La
Paz v. State, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

Hearsay is a statement, other than
one made by the declarant while testifying at trial, offered in evidence to
prove the truth of the matter asserted.  Tex. R. Evid. 801(d).  Generally, hearsay is inadmissible unless a
statute or the Rules of Evidence provide otherwise.  Tex.
R. Evid. 802.  When the proper
predicate is laid, a probation file is admissible under the business records
exception to the hearsay rule.  Tex. R. Evid. 803(6); Canseco, 199 S.W.3d at 440; see also Greer v. State, 999 S.W.2d 484,
489 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d) (holding probation file
including notation that defendant failed to report to probation officer is
admissible under Rule 803(8)(B) as public record).  A party may also offer, as an additional
exception to the hearsay rule, evidence that information is not included in a
business record “to prove the nonoccurrence or nonexistence of the matter, if
the matter was of a kind of which a memorandum, report, record, or data
compilation was regularly made and preserved.” 
Tex. R. Evid. 803(7).

Here, appellant’s probation file
contained the “office visit report forms” from appellant’s visits to his
probation officer.  These forms included
a question asking whether appellant had been arrested since his last visit and
contained a record of appellant’s remaining community service hours and the
date that he had last performed community service.  The form for August 29, 2008, for example,
reflected that, since the last meeting, appellant had been arrested for felony
theft.  The forms for August 29,
September 29, October 29, and November 29, 2008, all reflected that appellant
had 224 hours of community service remaining, and that the last date that he had
performed community service was July 27, 2008.

During the testimony of Joseph
Eaglin, appellant’s probation supervisor, the State offered the probation file
as an exhibit.  Defense counsel objected
on hearsay grounds and had the following exchange with the trial court:

[Appellant]:          Defendant objects.  Although [the State has] proved up the
business record, this file contains hearsay and other matters that are
questionable as far as being validated and those kind of issues.  And the Defendant objects.

 

The
Court:  . . . [C]an you
narrow some of that down?  Like give me
an example where maybe we admit in part and not in other parts?

 

[Appellant]:          Yes, Your Honor.  There [are] documents in this file, for
example, documents signed by other folks with comments listed on the page.  Ms. McCoy signs some things.

 

The Court:  She’s a probation officer.  So, that’s part of business.

 

[Appellant]:          I’m not objecting to business
records.  I’m saying the Defendant
objects to some hearsay, Your Honor.

 

The
Court:  Okay.  I’m going to admit it.  If you see the use of it where it’s clear
there is a hearsay objection, then let me know on that.

 

Eaglin then testified without further defense
objection regarding various conditions of appellant’s community supervision and
stated that appellant failed to notify him of subsequent arrests within
forty-eight hours of the arrests and failed to complete his community service
requirements.  Eaglin stated that,
although the conditions required appellant to perform community service at the
rate of sixteen hours per month, he performed sixteen hours in July 2008, but he
had not performed any community service since that time.  Defense counsel did not object to any of this
testimony, nor did she make any specific objections to the contents of the
probation file.

          On
appeal, appellant contends that the State never established the necessary
predicate for admitting the “negative evidence” in the business record under
Rule 803(7).  Appellant did not object on
this basis at trial.  To preserve error
for appellate review, the party must make a timely request, objection, or
motion to the trial court that “state[s] the grounds for the
ruling . . . sought from the trial court with sufficient
specificity to make the trial court aware of the complaint, unless the specific
grounds were apparent from the context.” 
Tex. R. App. P.
33.1(a)(1)(A).  An appellant fails to
preserve error when the trial objection does not comport with the issue raised
on appeal.  See Swain v. State, 181 S.W.3d 359, 367 (Tex. Crim. App.
2005).  Because appellant failed to make
his insufficient predicate argument to the trial court, he has not preserved
the issue for our review.  Furthermore,
when the trial court is presented with a proffer of evidence that contains both
admissible and inadmissible evidence, the trial court, in the absence of a
specific objection to the allegedly inadmissible evidence, may properly admit
the entire proffer.  See Willover v. State, 70 S.W.3d 841, 847 (Tex. Crim. App. 2002)
(quoting Jones v. State, 843 S.W.2d
487, 492–93 (Tex. Crim. App. 1992)); see
also Tex. R. Evid. 105(a) (stating
that, when evidence is admissible for one purpose but not another and party
does not request instruction limiting consideration of evidence to only
admissible purpose, failure to give such instruction is not grounds for
complaint on appeal).

          We
overrule appellant’s first issue.[3]

Evidence of Violation of Community Supervision Conditions

          In
his second issue, appellant contends that the trial court erroneously revoked his
community supervision because the State failed to present sufficient evidence
that appellant committed assault and wrongfully possessed another’s identifying
information.

          Regardless
of whether the State produced sufficient evidence that appellant committed
assault and wrongfully possessed another’s identifying information while on
community supervision, it is undisputed that appellant pleaded true to the
State’s allegation that he failed to complete his required community service
hours.  Furthermore, during closing
arguments at the revocation hearing, defense counsel acknowledged appellant’s
failure to comply with the terms of his community supervision by stating that:

[Appellant] said to this
Court I didn’t do my community service. 
He was very truthful in that part. . . . He did
violate his probation.  He admitted that
to you, Your Honor.

 

Appellant does not challenge his plea of true to
this condition on appeal, nor does he contend that this plea was involuntary.

          A
single violation of a community supervision condition is sufficient to support
revocation.  Moore, 605 S.W.2d at 926; Joseph,
3 S.W.3d at 640.  A plea of true to an
allegation that the defendant violated a condition of community supervision,
standing alone, is also sufficient to support revocation.  Cole,
578 S.W.2d at 128.  Because appellant
pleaded true to the allegation that he failed to complete his community service
requirements, and this plea is sufficient to support the trial court’s
revocation order, we need not address appellant’s contention that the State
failed to present sufficient evidence of two subsequent offenses allegedly
committed while on community supervision. 
See Moore, 605 S.W.2d at 926
(“We need not address appellant’s other contentions since one sufficient ground
for revocation will support the court’s order to revoke probation.”).  We therefore hold that the trial court did
not abuse its discretion in finding that appellant violated the terms of his
community supervision.

          We
overrule appellant’s second issue.

Conclusion

          We
affirm the judgment of the trial court.

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           Tex.
Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2010).





[2]
          After appellant pleaded true to
the community service allegation, the State abandoned the final two
allegations:  failure to make an
appointment for a psychological abuse evaluation and failure to enroll in a
domestic violence or anger control program.





[3]
          We further note that, even if
the trial court erred in admitting the entire probation file, the improper
admission of evidence does not constitute reversible error if the same facts
are shown by other evidence which is not challenged.  Leday
v. State, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998) (quoting Crocker v. State, 573 S.W.2d 190, 201 (Tex.
Crim. App. 1978)).  Not only did Joseph
Eaglin testify regarding appellant’s failure to report his subsequent arrests
within forty-eight hours and failure to perform his required community service
hours without objection from appellant, appellant pleaded true to the State’s
allegation that he failed to satisfy his community service requirement.