Melvin Laron DUNCAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–08–00875–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 22, 2010.

Discretionary Review Refused
Nov. 10, 2010.

Jerome Godinich Jr., Houston, TX, for Appellant.

Melvin Laron Duncan, Beeville, TX, pro se.

Alan Curry, Chief Prosecutor, Appellate Division, Harris County District Attorney's Office, Houston, TX, for Appellee.

Panel consists of Justices KEYES, SHARP, and MASSENGALE.

## OPINION

EVELYN V. KEYES, Justice.

On April 29, 2008, appellant, Melvin Laron Duncan, entered a plea of guilty, without a recommended punishment, to possessing cocaine weighing more than 4 grams but less than 200 grams.[1] The trial court assessed punishment at seven years' deferred adjudication community supervision. On July 10, 2008, appellant was arrested for possession of cocaine, and, eight days later, the State moved to adjudicate guilt on his April 29 plea. After a hearing, the trial court adjudicated appellant guilty of his original charge and assessed punishment at 30 years' imprisonment. Appellant appealed the adjudication of his guilt. His appointed counsel filed an *Anders* brief, and appellant filed a pro se response.

We affirm.

## BACKGROUND

On March 28, 2008, the State indicted appellant for possessing cocaine that weighed more than 4 grams but less than 200 grams. On April 29, 2008, appellant entered a plea of guilty without a recommended punishment. The trial court deferred appellant's adjudication for seven years and placed 23 conditions on his community supervision, including a prohibition on the use, possession, or consumption of illegal drugs. The trial court certified appellant's right to appeal, indicating that this was not a plea bargain case with an agreed recommendation as to punishment. On July 10, 2008, police officers again arrested appellant for possession of cocaine. Eight days later, the State moved to adjudicate appellant's original charge, claiming that he had violated 14 conditions of his community supervision, including the failure to abstain from the use, possession, or consumption of illegal drugs.

On October 24, 2008, the trial court held a hearing on the State's motion to adjudicate. At the hearing, appellant denied all but one of the allegations against him. Appellant entered a plea of "true" to the allegation that he did not comply with the condition that he make a fifty dollar payment to Crime Stoppers. The State called four witnesses. Officer B. Borak testified that, at approximately 3:00 a.m. on July 10, 2008, he and Officer B. Outlaw, who were on patrol in North Houston, observed appellant commit a traffic violation. They pulled up behind him with their sirens on. As they followed him, they could see into his car because a 12 to 15 inch television set that hung from the ceiling of his car was on. Officer Borak also testified that, as they followed appellant, they observed him reaching into the front passenger's side of his car as well as into the back of his car, apparently attempting to conceal something. After appellant stopped his

1. *See* Tex. Health & Safety Code Ann. 481.112(d) (Vernon 2003) (providing elements for possession of cocaine weighing more than 4 grams but less than 200 grams).

car and the officers approached him, Officer Borak noticed a "white crumb-like substance" on the center console of appellant's car as well as on the front passenger seat. Officer Outlaw testified that he saw "white crumbs" "all over" appellant's black shirt, lap, and seat, as well as his car's center console. The officers suspected that the substance was cocaine. They then detained appellant, and Officer Borak field tested the white substance. The test indicated that the substance contained cocaine. The officers then arrested appellant.

After arresting appellant, the officers performed an inventory search of appellant's car and found small plastic bags that are used to package drugs, a film canister that contained a white residue, a hole cut into the backseat that allowed a person to reach from the passenger's compartment of the car into the trunk, and, behind the back seat, a bag containing crack cocaine. Officer Borak testified that he never saw appellant hold or touch the bag that contained the crack cocaine and that the police never tested the bag for fingerprints. James Miller, a chemist with the Houston Police Department's Crime Lab, testified that the substance that the officers recovered from appellant was cocaine and that it weighed more than 4 grams.[2]

The defense called appellant, who testified that he did not commit a traffic violation, that he had only recently begun to drive the car, that the car belonged to him, and that he was unaware there was cocaine in the car. The trial court found the allegations against appellant true and assessed punishment at 30 years' imprisonment.

The trial court appointed appellate counsel. Appellant's counsel has filed an *Anders* brief. Appellant has filed a pro se response alleging that: (1) the officers lacked justification to stop him, the subsequent search was in violation of the Fourth Amendment, and any evidence recovered was "fruit of the poisonous tree"; (2) his appointed appellate counsel erred by not requesting oral argument and by not requesting that a private investigator be hired to photograph the intersection in which the police claimed appellant committed a traffic violation; and (3) there was no evidence connecting him to the drugs found in the car.[3] The State waived its opportunity to file a response brief.

## STANDARD OF REVIEW

 Upon receipt of a motion to withdraw and a brief from an appellant's court-appointed attorney asserting that there are no arguable grounds for reversal on appeal, we must determine that issue independently by conducting our own review of the entire record. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967) (emphasizing that reviewing court—and not appointed counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 509 (Tex.Crim.App.1991). In conducting our review, we consider any pro se response that the appellant files to his appointed counsel's *Anders* brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex.Crim.App.2005). Our role in an *Anders* case is limited to determining whether arguable grounds for appeal exist. *See id.* at 826–27. We do not rule on the ultimate merits of the issues raised by an appellant

**2.** The State also called appellant's probation officer Keith Black.

**3.** Appellant also claims he was profiled and "singled out." There is no evidence for or against this in the record, and appellant did not specify the basis for this claim, nor did he direct this Court to evidence to support such a claim.

in his pro se response. *Id.* at 827. If we determine that arguable grounds for appeal exist, we must allow the court-appointed attorney to withdraw, abate the appeal, and remand the case to the trial court. *See id.* at 827. The trial court must then either appoint another attorney to present all arguable grounds for appeal or, if the appellant wishes, allow him to proceed pro se in the appellate court. *See id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

██ If, on the other hand, we determine from our independent review of the entire record that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion in which we indicate that we have reviewed the record and have found no arguable grounds for appeal. *See id.* at 826–28.

## ANALYSIS

Appellant's pro se issues all pertain to his original plea. He complains that (1) the officers lacked justification to stop him, that the subsequent search was in violation of the Fourth Amendment, and that any evidence recovered was "fruit of the poisonous tree"; (2) his appointed appellate counsel erred by not requesting oral argument and by not requesting that a private investigator be hired to photograph the intersection in which the police claimed appellant committed a traffic violation; and (3) there was no evidence connecting him to the drugs found in the car.

Article 42.12, section 5(b) of the Texas Code of Criminal Procedure governs the right to review, of a trial court's decision to adjudicate guilt. Article 42.12, section 5(b) states, in relevant part:

> On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. This determination is reviewable in the same manner as a revocation hearing conducted under Section 21 of this article in a case in which an adjudication of guilt had not been deferred. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred. . . .

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2009).

Section 5(b) of article 42.12 was amended effective September 2007. Before the Legislature amended it, this statute prohibited a defendant on deferred adjudication community supervision from appealing the trial court's decision to proceed with an adjudication of guilt because the statute read, "No appeal may be taken from this determination." *See* Act of May 23, 2007, 80th Leg., R.S., ch. 1308, § 5, 2008 Tex. Sess. Law. Serv. 4395, 4397; *see also Pizana v. State,* —— S.W.3d ——, —— (Tex. App.-San Antonio 2009, no pet.). Following the amendment, a defendant may challenge the trial court's determination to proceed with an adjudication of guilt on the original charge "in the same manner as a revocation hearing conducted under Section 21 of this article in a case in which an adjudication of guilt had not been deferred." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2009); *Pizana,* —— S.W.3d at ——.

██ Appellate review of an order adjudicating guilt ordinarily is limited to determining whether the trial court abused its discretion in determining that the defen-

dant violated the terms of his community supervision. *See* Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2009); *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App.2006) (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim. App.1984); *Manuel v. State*, 994 S.W.2d 658, 661 (Tex.Crim.App.1999)) (holding that defendant placed on deferred adjudication community supervision may raise issues relating to original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed and may not wait to raise such issues in appeal from revocation of deferred adjudication).

The trial court's decision must be supported by a preponderance of the evidence. *See Rickels*, 202 S.W.3d at 763. The evidence meets this standard when the greater weight of the credible evidence creates a reasonable belief that a defendant has violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 764 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex.Crim.App.1974)). As the sole trier of fact, a trial court determines the credibility of witnesses. *See id.; Jones v. State*, 787 S.W.2d 96, 97 (Tex. App.-Houston [1st Dist.] 1990, pet. ref'd). To support the trial court's order to adjudicate guilt, the State need only establish one sufficient ground for revocation. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim.App.1980) (stating that one sufficient ground for revocation is enough to support trial court's decision); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex.App.-Houston [14th Dist.] 1999, no pet.). The appellant examines the evidence in the light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981).

■ With very limited exceptions, "the original plea cannot be attacked on an appeal of the revocation proceedings." *Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim.App.2001) (applying limitations on appeal to cases of deferred adjudication). The amended language in article 42.12, section 5(b) does not indicate an intent by the Legislature to alter this established limitation. "In fact, the reference in the amended statute to reviewing the trial judge's determination in the same manner as revocation hearings indicates an intent to retain that limitation." *Pizana*, —— S.W.3d at ——.

There are two long-recognized exceptions to the general rule, the "void judgment rule" and the "habeas corpus" exception.[4] *Id.* at 667. The Court of Criminal Appeals has held:

> A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged . . . , (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright* [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799]. While we hesitate to call this an exclusive list, it is very nearly so.

*Nix*, 65 S.W.3d at 668. However, "[a] judgment is void only in very rare situations." *Id.* at 668.

■ Here, none of appellant's issues regarding his original plea fall within the

---

4. Because this appeal does not involve habeas

corpus we do not consider this exception.

exceptions to the general rule. *See id.* Therefore, they may not be raised on appeal from the trial judge's determination at the revocation hearing. *See Nix,* 65 S.W.3d at 667–68. Appellant entered a plea of "true" to the allegation that he did not make a fifty dollar payment to Crime Stoppers. His plea of true, standing alone, is sufficient to support revocation. *Cole v. State,* 578 S.W.2d 127, 129 (Tex. Crim.App.1979). As appellant's counsel states in his *Anders* brief, the charging instrument satisfies constitutional requirements, the trial court had jurisdiction, there was sufficient evidence to support the conviction, and appellant had counsel. Therefore, we hold that the trial court did not abuse its discretion in revoking appellant's community supervision and adjudicating him guilty.

Having reviewed the entire record, appellant's appointed counsel's *Anders* brief, and appellant's pro se brief, in accordance with *Anders* and *Bledsoe,* we conclude that no arguable grounds for reversal exist.

### CONCLUSION

We affirm the judgment of the trial court and grant appointed counsel's motion to withdraw. Appointed counsel retains a duty to inform appellant of the result of this appeal and to inform appellant that he may, on his own, pursue a discretionary review in the Court of Criminal Appeals. *See Bledsoe,* 178 S.W.3d at 826–27.