



# MEMORANDUM OPINION

No. 04-10-00085-CR

Jacob T. **BARKER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-4582
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:  December 15, 2010

AFFIRMED

Jacob Barker appeals the trial court's judgment, which revoked his community supervision and adjudicated his guilt. In one issue on appeal, Barker contends he was denied due process of law under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Due Course of Law Clause of the Texas Constitution. Finding no merit to his argument, we affirm the trial court's judgment.

**DISCUSSION**

We review a trial court's order revoking community supervision under an abuse of discretion standard. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).

Barker was charged with aggravated assault with a deadly weapon. Pursuant to a plea-bargain agreement, Barker was assessed a $1,500 fine and placed on deferred adjudication community supervision for six years. Thereafter, the State filed a motion to revoke Barker's community supervision, alleging Barker violated the terms of his community supervision by committing the offense of terroristic threat. The State also filed what appears to be an untimely-filed motion to supplement the motion to revoke community supervision, alleging Barker committed the offenses of unlawfully carrying a weapon and public intoxication. At the revocation hearing, Barker pled true to all three alleged violations. Following the State's recommendation, the trial court revoked Barker's community supervision, found him guilty, and sentenced him to six years of imprisonment.

In one issue on appeal, Barker contends his due process rights under both the United States and Texas Constitutions were violated.[1] Specifically, Barker complains that the revocation hearing was cursory, and the trial court "without further inquiry or admonition" asked Barker whether the State's allegations were true. Barker faults the trial court for failing to admonish him "regarding the nature of the allegation against him, his rights regarding the charge, and the potential legal consequences of his plea" as required by article 26.13 of the Texas Code of Criminal Procedure.

The State responds that any error Barker brings on appeal has been waived because he failed to preserve error in the trial court. To preserve a complaint for review on appeal, a

---

[1] Because Barker does not claim that the Texas Constitution provides more protection than the United States Constitution, we need not address his state constitutional claim separately. *See Johnson v. State*, 853 S.W.2d 527, 533 (Tex. Crim. App. 1992)

defendant must raise a specific objection, request, or motion at trial. *See* TEX. R. APP. P. 33.1; *Lanum v. State*, 952 S.W.2d 36, 39-40 (Tex. App.—San Antonio 1997, no pet.) (finding waiver where defendant failed to voice the complaint he makes on appeal at his revocation hearing, in his motion for new trial, or at any other point in the trial court proceedings). We agree with the State that Barker has waived his issue on appeal.

Further, even if Barker had preserved error, we still would not sustain his issue on appeal. That is because, even as Barker concedes, the Texas Court of Criminal Appeals has held that the trial court is not required to admonish a probationer as to the consequences of a plea to the motion to revoke. *See Harris v. State*, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974) (holding admonishments provided for in article 26.13 do not apply to revocation of probation proceedings). Barker urges, however, that, despite the holding in *Harris*, the Court of Criminal Appeals has not specifically decided whether admonishments are constitutionally required. But, the Court of Criminal Appeals has recognized that due process does not require article 26.13 admonishments. *See Aguirre-Mata v. State*, 125 S.W.3d 473, 474-76 (Tex. Crim. App. 2003) (discussing *Boykin v. Alabama*, 395 U.S. 238 (1969), and explaining that the trial court's error in failing to admonish appellant on the range of punishment when appellant pled guilty to the charged offense was nonconstitutional error). Thus, we decline to find a due process violation for the trial court's failure to give article 26.13 admonishments in a revocation proceeding.

Barker further complains that the State relied on an untimely-filed amendment to its motion to revoke. It does appear that the State filed an untimely amendment in which it alleged two additional violations to the terms of Barker's community supervision, to which Barker pled true. However, Barker also pled true to the violation of community supervision alleged in the original motion to revoke – committing the offense of terroristic threat. Because an order

revoking community supervision may be based on proof of a single violation in a motion to revoke community supervision, Barker's plea of true to committing the offense of terroristic threat was sufficient for the trial court to revoke his community supervision. *See Duncan v. State*, 321 S.W.3d 53, 57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

Finding no error, we affirm the trial court's judgment.

Karen Angelini, Justice

Do not publish