

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00098-CR

**JEFF ALAN ROLLINS,**

                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                            **Appellee**

---

**From the 249th District Court**
**Johnson County, Texas**
**Trial Court No. F35919**

---

## MEMORANDUM  OPINION

---

Appellant, Jeff Alan Rollins, appeals the revocation of his probation.  In his sole issue, Rollins argues that the trial court abused its discretion in revoking his probation because the evidence supporting revocation is insufficient.  We affirm.

### I.    BACKGROUND

On December 16, 2002, Rollins entered a plea of guilty to felony driving while intoxicated, his third offense.  *See* TEX. PENAL CODE ANN. § 49.04 (West 2011).  The trial

court sentenced Rollins to ten years' incarceration; however, the sentence imposed was suspended, and Rollins was placed on probation for a term of ten years.

Subsequently, on June 25, 2010, the State filed a motion to revoke Rollins's probation, alleging that, on May 25, 2010, he violated several terms and conditions of his probation. The State filed its first amended motion to revoke on February 21, 2011. In its first amended motion, the State alleged that Rollins violated his probation by: (1) operating a motor vehicle in a public place while he "was intoxicated by not having the normal use of his mental and physical faculties by reason of the introduction of alcohol . . ."; and (2) failing "to totally abstain from the illegal use of alcoholic beverages, to wit: on or about May 25, 2010, a blood test was administered on Defendant which tested positive for the use of alcohol and indicated a blood level of .15." The State noted at the revocation hearing that a blood sample was taken from Rollins, but it was done by a paramedic student. The State did not "feel comfortable presenting this in evidence" and also stated that it believed the evidence was inadmissible.

The trial court conducted a hearing on the State's motion to revoke at which several witnesses testified on behalf of the State. Prior to the hearing, the State abandoned the second count—the allegation pertaining to Rollins's blood alcohol level—contained in its motion to revoke. Rollins pleaded "not true" to the remaining allegation contained in the State's motion to revoke. At the conclusion of the hearing, the trial court determined that the evidence supported a finding that Rollins operated a motor vehicle while intoxicated. As a result of this finding, the trial court revoked

Rollins's probation and sentenced him to ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's decision to revoke a defendant's probation under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State's burden of proof is by a preponderance of the evidence, and proof of a single violation of probation is sufficient to support revocation. *Id.* at 763-64; *see Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). The state meets its burden when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of probation as alleged. *See Rickels*, 202 S.W.3d at 764; *see also Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983). In a hearing on a motion to revoke probation, the trial court is the sole trier of fact and is also the judge of the credibility of the witnesses and the weight to be given their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *see Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Moreover, on appeal, we examine the evidence in the light most favorable to the trial court's ruling. *See Cantu v. State*, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008) (stating that the reviewing court is to defer to the trial court's resolution of disputed facts and reasonable inferences that can be drawn from those facts); *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Duncan v. State*, 321 S.W.3d 53, 57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *see also Pinon v. State*, No. 12-10-00400-CR, 2011 Tex. App. LEXIS 7332, at *3 (Tex. App.—Tyler Sept. 7, 2011, no pet.) (mem. op., not designated for publication).

## III. ANALYSIS

In his sole issue, Rollins argues that the State did not prove, by a preponderance of the evidence, that he committed "the new offense of driving while intoxicated." Specifically, Rollins asserts that the evidence is insufficient to show that: (1) he was intoxicated; and (2) he operated his motorcycle while intoxicated. Rollins also contends that there is no evidence to suggest that the accident which occurred on May 25, 2010 was caused by his intoxication rather than an alternative reasonable hypothesis, including excessive speed, slippery road conditions, and a curved roadway.

### A. Applicable Law

Section 49.04(a) of the penal code provides that: "A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (West 2011). The penal code defines "intoxicated" as: "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a combination of two or more of those substances, or any other substance into the body" or "having an alcohol concentration of 0.08 or more." *Id.* § 49.01(2) (West 2011). A "motor vehicle" is "a device in, on, or by which a person or property is or may be transported or drawn on a highway, except a device used exclusively on stationary rails or tracks." *Id.* § 32.34(a)(2) (West 2011); *see id.* § 49.01(3).

### B. Discussion

As a basis for revocation, the State proceeded solely on the ground that:

> Appellant violated his Condition Number One of his probation by committing a new offense, to wit: on or about May 25, 2010, in Johnson County, Texas, he did operate a motor vehicle in a public place while

Appellant was intoxicated by not having the normal use of his mental or physical faculties by reason of the introduction of alcohol . . . into his body.

*See id.* § 49.04(a).

At the hearing on the State's motion to revoke, Bryan Joseph Woods, Rollins's friend, testified that, on May 25, 2010, he hung out with Rollins and several others at a property owned by a friend of Rollins's grandparents. Woods recalled that the group was "drinking some beer and scrapping for metal." Woods arrived late to the gathering and noticed that everyone was drinking beer when he arrived. The group hung out together for two hours. During that time, Woods saw Rollins drink four or five beers. When the group decided to disburse after hanging out for two hours, several people, including Woods, offered to give Rollins a ride home. Woods also offered to put Rollins's motorcycle in the back of his pick-up truck and deliver it to Rollins's house. Woods believed that Rollins was intoxicated and should not have been driving. Nevertheless, Rollins declined the offers for a ride home.

Rollins left the property riding his motorcycle. Woods followed Rollins in his pick-up truck. About an eighth of a mile from the property, the road curved in the shape of an "S-corner."[1] Rather than reduce his speed going around the curves in the road, Rollins accelerated. Cal Renick, a nearby resident, observed Rollins drive along the "S-corner" on the road. Renick estimated that Rollins must have been traveling at

---

[1] The road is paved but has gravel on both sides of the asphalt. Further, the record reflected that: (1) the weather was "nice" on the day of the incident; (2) the accident occurred during daylight hours; (3) Rollins was familiar with the road and had driven on it several times before; and (4) there were no obstacles in the road. These conditions undermine Rollins's argument with respect to alternative reasonable hypotheses.

least ten miles faster than the posted speed limit of thirty miles per hour. As he attempted to navigate the curves in the road, Rollins lost control of his motorcycle and ended up in a ditch directly in front of Renick's house.

Both Woods and Renick observed the accident, and Renick immediately ran outside to assist Rollins. Renick noticed that Rollins "was in bad shape." Rollins had lacerations all over his body and a fractured leg. Renick recounted that Rollins was drifting in and out of consciousness and that Rollins had urinated on himself. Renick smelled a strong odor of alcohol on Rollins's breath and concluded that Rollins was intoxicated. Renick provided blankets and towels to combat the bleeding, and Woods called 911.

Shortly thereafter, Wesley Williams, a paramedic for CareFlite, arrived. Williams noticed that Rollins "had no helmet. He had a severely broken leg; had some injuries to his face, his left eye, [and] a lot of lacerations . . . ." Williams testified that a lot of people were present at the scene of the accident and that many of them were talking about alcohol. Like Renick, Williams also detected a strong odor of alcohol on Rollins's breath. Williams then asked Rollins how much alcohol he had consumed, and Rollins responded, "a lot." Rollins was then transported to Harris Methodist Hospital in Fort Worth, Texas, for treatment.

Richard Zaborowski, a trooper with the Texas Department of Public Safety, testified that he also responded to the 911 call. When he arrived, Trooper Zaborowski observed medical personnel treating Rollins. As he stood near Rollins, Trooper Zaborowski also "could smell the odor of an alcoholic beverage emitting from his

[Rollins's] person." Trooper Zaborowski recalled that Rollins had soiled his pants, an act that the State argues is often associated with the consumption of alcoholic beverages, and that Rollins's speech was slurred. Based on his investigation, Trooper Zaborowski concluded that, at the time of the accident, Rollins was "intoxicated due to the introduction of alcohol."

Finally, Brandy Nelson, Rollins's supervising probation officer, stated that, at a July 2010 office visit, Rollins signed "an admission for drinking alcohol on the day of the accident." This document was admitted into evidence.

On appeal, Rollins argues that the State did not adequately prove he was intoxicated by showing "the type of beer, how quickly the beer was consumed, when the first beer was consumed, when the last beer was consumed, whether or not Appellant had eaten a meal while consuming any beer, or exactly what circumstances existed at the time Appellant consumed the beer" and did not link his driving of the motorcycle and the alleged intoxication. However, viewing the evidence in the light most favorable to the trial court's ruling and keeping in mind the lesser preponderance of the evidence standard, we conclude that the evidence is sufficient to show that Rollins did not have the "normal use of mental or physical faculties by reason of the introduction of alcohol" and was, thus, intoxicated while operating a motor vehicle—his motorcycle. *See* TEX. PENAL CODE ANN. §§ 32.34(a)(2), 49.01(2), 49.04(a); *see also Smith*, 286 S.W.3d at 342; *Rickels*, 202 S.W.3d at 763-64; *Jenkins*, 740 S.W.2d at 437. Our conclusion is supported by witness testimony indicating that: (1) Rollins drank several beers prior to operating his motorcycle; (2) Rollins accelerated through a curve in the

road and ultimately crashed, even though he was familiar with the road and the road and weather conditions were not dangerous on that day; (3) the smell of alcohol on Rollins's breath after the accident; (4) Rollins's slurred speech; and (5) Rollins's admissions that he had drank "a lot" of alcohol on the day of the accident. Because we are to defer to the trial court's resolution of the evidence and the reasonable inferences made from the evidence, we cannot say that the trial court abused its discretion in revoking Rollins's probation. *See Cantu*, 253 S.W.3d at 282; *see also Rickels*, 202 S.W.3d at 763. Rollins's sole issue is overruled.

## IV. CONCLUSION

Having overruled Rollins's sole issue on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed November 9, 2011
Do not publish
[CR25]