**Opinion issued December 18, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00238-CR

———————————

**CHARLES EDWARD TUMLINSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 50946**

---

## MEMORANDUM OPINION

Appellant, Charles Edward Tumlinson, obtained deferred adjudication on

charges of aggravated sexual assault of a child[1] and of indecency with a child by

---

[1]    *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (2)(B) (Vernon Supp. 2014).

contact.[2]  The State filed a motion to adjudicate guilt on four grounds of violating the terms of Appellant's community supervision.  Appellant pleaded not true to the grounds.  The trial court found three of the four grounds true, adjudicated Appellant's guilt, and assessed punishment at thirty years' confinement and twenty years' confinement, respectively, to be served concurrently.  In one issue, Appellant argues the trial court abused its discretion by finding he violated the named grounds of the terms of his community supervision.

We affirm.

## Background

Appellant pleaded guilty to a charge of aggravated sexual assault of a child and a charge of indecency with a child by contact.  The trial court accepted Appellant's pleas and placed him on 10 year's deferred adjudication in November 2007.  One of the terms of Appellant's community supervision concerned participation in a sex offender treatment program.  Specifically, Appellant was required to

> attend and participate in a sex offender treatment program . . . and obey all rules, regulations and policies of the designated program until successful completion and/or further orders of the court.  Program participation is defined as attendance at all meetings, prompt payment of fees, acknowledgement of responsibility for the defendant's offenses, and progress toward responsible treatment goals.

---

[2]     *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2011).

In its motion to adjudicate guilt, the State presented four grounds for determining that Appellant had violated his community supervision requirements. In one of those grounds, the State alleged that Appellant "failed to successfully participate in sex offender treatment."

At the hearing on the motion, H. John testified. John is a licensed sex offender therapist. He works for O'Brien Counseling, which provides counseling services to the Brazoria County Probation Department. John led the group therapy session that Appellant first attended as part of his community supervision requirements.

John testified that O'Brien Counseling's sex offender therapy services are based on four phases of treatment. Among other things, the first phase requires the offender to acknowledge the specific acts committed. The second phase involves the offender recognizing his thinking and behavior patterns and developing coping responses. The third phase, known as the victim empathy phase, involves teaching the offender to understand the perspective and feelings of the victim. In the last phase, the offender develops mechanisms to prevent relapse and to function independently of group counseling.

John informed the court that O'Brien Counseling typically expects offenders to complete the first phase between six months to a year. Appellant took just under two years. After that, Appellant completed the second phase in a shorter time

span. Once, he was in the third phase, however, Appellant reported details related to his underlying offenses that he had not previously disclosed in his therapy. Because he had not disclosed these details and incorporated them into his therapy, the counselors at O'Brien Counseling decided Appellant would need to return to the first phase of treatment to cover those additional details.

After he was returned to the first phase of treatment, Appellant became less invested in participating in his group therapy sessions. Over time, Appellant's accounts of the events of the offending acts became more inconsistent. His answers to questions became more tangential, indirect, and vague. Ultimately, the decision was made to terminate Appellant from the therapy sessions. The decision to move Appellant back to the first level and the decision to terminate Appellant from the therapy sessions were not made by one individual. Instead, the decisions were made by the clinical staff with consultation from the probation department to which Appellant reported.

Appellant's group therapy sessions were terminated on July 24, 2013. The State filed a motion to adjudicate guilt on August 2, 2013. A hearing on the motion was not held until March 14, 2014. Six weeks before the hearing, Appellant joined another sex offender therapy group. The group was led by Dr. J. S. Hickey. Dr. Hickey has a PhD in clinical psychology and is a sex offender treatment provider. Dr. Hickey testified for Appellant at the hearing on the motion

4

to adjudicate guilt. As a condition for participating in group sex abuse therapy, Dr. Hickey required Appellant to receive individual therapy for other disorders he felt Appellant had.[3] Dr. Hickey testified that Appellant had been cooperative in five out of the six therapy sessions Appellant had attended.

## Adjudication of Guilt

In his sole issue, Appellant argues the trial court abused its discretion by finding he violated the named grounds of the terms of his community supervision.

## A.    Standard of Review & Applicable Law

A trial court's determination on a motion to adjudicate is reviewable in the same manner as a determination of a motion to revoke community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2014). A revocation proceeding is neither criminal nor civil in nature; rather, it is an administrative proceeding. *Canseco v. State*, 199 S.W.3d 437, 438 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). At a revocation hearing, the State must prove by a preponderance of the evidence that the defendant has violated a condition of his community supervision. *Id.* at 438. The State satisfies its burden if the greater weight of credible evidence creates a reasonable belief that the defendant violated a condition of his probation as alleged by the State. *Solis v. State*, 589 S.W.2d 444,

---

[3]    John testified that he considered the possibility that Appellant had other psychological disorders that were preventing him from progressing in his treatment. John reviewed Appellant's psychological examination results and determined that Appellant did not indicate "any clinical psychopathology."

5

447 (Tex. Crim. App. 1979); *Armstrong v. State*, 82 S.W.3d 444, 448 (Tex. App.—Austin 2002, pet. ref'd). Proof of a single violation is sufficient to support a revocation. *Canseco*, 199 S.W.3d at 439.

Our review of an order adjudicating guilt and revoking community supervision is limited to determining whether the trial court abused its discretion in determining that the defendant violated the terms of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006); *Duncan v. State*, 321 S.W.3d 53, 56–57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). We view the evidence in the light most favorable to the trial court's order. *Canseco*, 199 S.W.3d at 439; *Duncan*, 321 S.W.3d at 57. As the trier of fact at a revocation proceeding, the trial court determines the credibility of the witnesses and the weight to be given to their testimony. *Armstrong*, 82 S.W.3d at 448.

**B.    Analysis**

In its motion to adjudicate guilt, the State alleged that Appellant had violated four terms of his requirements for community supervision. One of the claims that the trial court found true was the claim that Appellant had failed to successfully participate in sex offender treatment.

> Under the terms of his community supervision, Appellant was required to
>
> attend and participate in a sex offender treatment program . . . and obey all rules, regulations and policies of the designated program until successful completion and/or further orders of the court. Program participation is defined as attendance at all meetings, prompt payment

6

of fees, acknowledgement of responsibility for the defendant's offenses, and progress toward responsible treatment goals.

Appellant claims that the terms of his community supervision did not define what successful participation meant. This is contradicted by the second sentence of this term, which explicitly defines "program participation." Appellant then asserts that we should define successful participation to mean that Appellant attended the meetings, promptly paid his fees, and acknowledged responsibility for his offense. This definition excludes the written requirement that program participation includes "progress toward responsible treatment goals."

John testified that the goals of the group sex offender therapy sessions include completing four phases of treatment. At a certain point in his therapy, Appellant had completed the first two phases. But while Appellant was in the third phase, Appellant identified previously undisclosed details of the offense that had not been part of his existing treatment. As a result, Appellant had to return to the first phase of treatment. After Appellant returned to the first phase of treatment, his active involvement in the therapy sessions declined. When he did participate, his answers to questions became more tangential, indirect, and vague. Ultimately, the decision was made to terminate Appellant from the therapy sessions. The decision to move Appellant back to the first level and the decision to terminate Appellant from the therapy sessions were not made by one individual. Instead, the

decisions were made by the clinical staff with consultation from the probation department to which Appellant reported.

Appellant points out that Dr. Hickey testified that, at the time of the hearing, Appellant was in a new group therapy program and had been cooperative in five out of the six therapy sessions Appellant had attended. Appellant argues that this shows that he did actively participate in a sex offender treatment program.

Appellant was removed from his original group therapy program in late July 2013. The State filed its motion to adjudicate guilt in early August 2013. At that time, Appellant was not involved in any group therapy program, let alone successfully participating in one. The simple fact that Appellant took steps to stop violating this term of his community supervision six months after he began violating it does not establish that no violation occurred. *See Canseco*, 199 S.W.3d at 439 (holding proof of single violation is sufficient to support revocation).

The State's burden of proof was by a preponderance of the evidence. *Id.* at 438. We review the trial court's ruling for an abuse of discretion. *Rickels*, 202 S.W.3d at 763. We hold that Appellant has failed to establish that the trial court abused its broad discretion by determining that Appellant violated this term of his community supervision. Because this ground is sufficient to support the trial court's adjudication of guilt, we do not need to reach Appellant's challenges to the other grounds. *See Canseco*, 199 S.W.3d at 439; TEX. R. APP. P. 47.1 (requiring

8

appellate courts to address every issue raised and *necessary* to final disposition of the appeal).

We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Do not publish.  TEX. R. APP. P. 47.2(b).