Opinion issued February 19, 2015



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

## NO. 01-14-00039-CR

_____

**JOSEPH WALTER HICKMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 64265**

---

## MEMORANDUM OPINION

Appellant, Joseph Walter Hickman, pleaded guilty to failure to register as a sex offender, and the trial court placed him on community supervision for five years. The State subsequently moved to revoke his community supervision. The trial court revoked appellant's community supervision and assessed appellant's

punishment at forty-two months' confinement. In one issue on appeal, appellant argues that the trial court abused its discretion by revoking his community supervision.

We affirm.

## Background

On February 24, 2011, in Brazoria County, appellant pleaded guilty to failure to register as a sex offender and the trial court placed him on community supervision for five years. Appellant was allowed to reside in Houston County, but he was still required to maintain contact with Brazoria County in addition to attending monthly appointments with a probation officer in Houston County. As an additional condition of his community supervision, appellant was required to complete eighty hours of community service at a rate of eight hours per week. Appellant was further required to appear at periodic review hearings before the trial court in Brazoria County.

On September 6, 2013, the State moved to revoke appellant's community supervision, alleging that appellant failed to (1) report to his supervision officer during the months of July and August 2013; (2) pay a supervision fee; (3) pay a fine; (4) perform community service; (5) appear at a June 2013 hearing; and (6) appear at an August 2013 review hearing.

The trial court conducted a hearing. Appellant's probation officer from Houston County, Debra Jones, testified that she met with appellant when he transferred from Brazoria County to Houston County. Jones stated that appellant had a negative attitude about being on probation and "just felt like he shouldn't have to be doing this." She testified that appellant was "reluctantly cooperative at first" and would attend his meetings with her and completed eleven hours of community service. Jones further testified that, at some point, appellant informed her he was too ill to continue doing his community service, but he never presented her with any documentation from a medical provider excusing him from community service.

Jones stated that she met with appellant in June 2013 and, at that meeting, they set the time for his next appointment in July and she gave him an appointment card with the date and time recorded on it. However, appellant did not report for his scheduled appointment in July, nor did he attempt to contact Jones to explain his absence or reschedule. Appellant failed to report to her again in August. Jones sent a letter to prompt him to report back to her and to schedule an appointment, but he never responded. She testified that the third time he failed to report and made no contact with her, she was required to refer his case back to Brazoria County, which she did in September 2013. Jones testified that she recommended revoking his probation because he failed to report and "it's difficult to work with

3

someone who just won't show up." On cross-examination, Jones acknowledged that appellant had reported to her every month from September 2012 until June 2013, and she testified that she was aware he had some health problems and that he had given her some letters showing that he had kept various appointments at the VA hospital.

Steven Duke, a probation officer with Brazoria County, also testified that appellant was required to attend a review hearing before the Brazoria County trial court on June 20, 2013, but he failed to appear. Appellant had another review hearing scheduled for August 23, 2013, and, again, he failed to appear. Duke testified that, in the past, appellant had called to say that he could not attend a review hearing scheduled for February 2013 because "he was ill," but appellant had made no contact with the court or one of his probation officers regarding his failure to appear at the June and August hearings. Duke testified that he called appellant after he missed his June 20 hearing. Appellant told Duke that he was not aware that he was supposed to appear and provided Duke with a new address. At that time, Duke informed appellant that he was required to appear at another review hearing on August 23 at 9:00 a.m. However, appellant failed to appear.

Another Brazoria County probation officer, Miranda Craddock, testified that appellant's case was assigned to her when he moved to Houston County. She testified that she maintained contact with appellant via phone calls and occasional

letters. Craddock testified that she sent appellant written notice of the June 20 hearing in February 2013. After his failure to appear in June, Craddock sent appellant another letter.

Kelly Wright, the probation officer assigned to appellant's case after the State moved to revoke his community supervision, testified that she visited appellant while he was in jail to discuss the allegations made against him and "just make sure he understood everything." She testified that appellant "didn't understand why he was in jail, why he was on probation or really he just said he didn't know why he was still on probation or why he had to register [as a sex offender]." Appellant told Wright that "he shouldn't have to register so this whole probation was bogus and he shouldn't have to do it." Wright testified that she reviewed appellant's original court orders with him and reminded him that he was on probation for failing to register and "he said, yes, but I shouldn't have to register."

Wright stated that she went through each allegation the State made in its motion to revoke and appellant "had a reason why he thought it was justified that he did what he did." For example, appellant told Wright that on one occasion when he failed to report, he was having car trouble and tried to report it but could not. He told her that he worked twenty hours of community service but was only given credit for eleven hours, so he refused to work any more hours if his time

would not be reported correctly. Wright testified that appellant informed her that he was sick in August 2013 and that was why he missed his hearing date. However, he could not provide her with any documentation and "never specified what was wrong with him." Appellant acknowledged to Wright that he never provided any documentation to his Houston County probation officer. He said that "everybody knew he was sick." Wright testified that, in her opinion, appellant was not taking his probation seriously and that his actions showed "a tremendous lack of effort." She also recommended that the trial court revoke his probation because "he does not believe he needs to be on probation, nor does he believe he needs to register as a sex offender. Therefore, I don't think he's going to participate in probation."

Appellant testified at the revocation hearing that he reported as required by the terms of his probation each month until July and August of 2013. He failed to report at that time because he "believe[d] he was having health issues at the time with [his] heart and diabetes." He stated that he told Jones, his Houston County probation officer, about his various health issues. Appellant also testified that he was not hospitalized during the time period relevant to this case. Regarding the State's specific allegations, he could not recall why he failed to report in July 2013 but he "probably was" having health issues at the time, and he also had problems

with his vehicle. Appellant testified that he notified Jones of his car trouble and attempted to reschedule his appointment, but he could not recall what happened.

Appellant also testified that he completed eleven hours of community service at his initial placement, but that office ran out of work for him. He found another community service assignment and completed twenty-nine hours of community service there, but he testified that he was never given any written confirmation of the hours he performed and his probation officer was supposed to call to get the report regarding his community service performance.

Regarding his failure to appear at his review hearings, appellant testified that he did not recall ever being notified to appear at either the June 20, 2013 or the August 23, 2013 hearing. He stated that he would "probably" recall if he had been contacted and that he would have attended had he been contacted. He again testified that he had on-going health issues that required a "series of appointments sometime during that time." He also testified that he would cooperate with the probation requirements if the trial court decided not to revoke his community supervision. On cross examination, appellant testified that he "probably did" have a phone conversation with Duke on July 5, 2013, but he could not recall what they had discussed.

The trial court also took judicial notice of its file in the case, which reflected that the trial court admonished appellant that he was required to appear in February

2013. Appellant did not appear in February 2013, but he contacted the trial court coordinator. The trial court rescheduled his review hearing for June 20, 2013, and instructed the court coordinator to send a letter with the new setting to appellant at his address of record. The trial court observed that the file contained no indication that the letter sent by the trial court was ever returned.

The trial court found that appellant failed to report to his supervision officer in July and August 2013, failed to pay a supervision fee, and failed to appear at the July and August review hearings, and the court revoked appellant's community supervision and assessed his punishment at forty-two months' confinement. This appeal followed.

## Revocation of Community Supervision

In his sole issue on appeal, appellant argues that the trial court abused its discretion by revoking his community supervision.

### A.    Standard of Review

At a hearing to revoke a defendant's community supervision, the State must prove by a preponderance of the evidence that the defendant has violated a condition of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006); *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.— Houston [1st Dist.] 2012, no pet.). A preponderance of the evidence supports an order revoking probation when the "greater weight of the credible

evidence . . . create[s] a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763–64 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)).

Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion in ruling that the defendant violated the terms of his community supervision. *Id.* at 763; *Silber*, 371 S.W.3d at 611. We examine the evidence in the light most favorable to the trial court's order. *Silber*, 371 S.W.3d at 611; *Duncan v. State*, 321 S.W.3d 53, 57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). A finding of a single violation of the terms of community supervision is sufficient to support revocation. *Silber*, 371 S.W.3d at 611; *see also Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation.").

## B. Analysis

Here, as a condition of his probation, appellant was required to attend review hearings before the trial court. Appellant himself acknowledges that he failed to appear at his June 2013 and August 2013 review hearings. He testified that he was having health and vehicle problems, but he acknowledged that he could provide no documentation regarding those problems. He testified that he did not attend the

9

review hearings because he did not know that he needed to do so. However, the State presented evidence, in the form of the trial court's own file and the testimony of appellant's probation officers, that appellant was notified of this requirement and that he was provided notice of the specific dates and times of his review hearings. Thus, we conclude that the "greater weight of the credible evidence . . . create[s] a reasonable belief" that appellant violated a condition of his probation by failing to appear for his review hearings. *See Rickels*, 202 S.W.3d at 763–64.

We conclude that the trial court did not abuse its discretion in ruling that appellant violated this term of his community supervision. *See id.* at 763; *Silber*, 371 S.W.3d at 611. Because a finding of a single violation of the terms of community supervision is sufficient to support revocation, we need not consider the remaining grounds for revocation found by the trial court. *See Silber*, 371 S.W.3d at 611.

We overrule appellant's sole issue.

### Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).