**Opinion issued April 29, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00725-CR

———————————

**LEE ANDREW BENSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1624941**

## MEMORANDUM OPINION

Lee Andrew Benson pleaded guilty to the offense of possession with intent to deliver a controlled substance, namely cocaine, weighing 4 or more grams but less than 200 grams.[1]  The trial court found Benson guilty.  It assessed his punishment at

---

[1]  *See* TEX. HEALTH & SAFETY CODE §§ 481.102, 481.112.

confinement for ten years, suspended for eight years of community supervision, with a fine of $500.

The State later moved to revoke Benson's community supervision, alleging that he had violated its conditions by using illegal drugs. Benson pleaded "true" to the allegation and admitted marijuana use. After a hearing, the trial court found the allegation true. It then revoked Benson's community supervision and assessed his punishment at confinement for five years.

Benson now contends on appeal that the trial court abused its discretion in revoking his community supervision.

We affirm.

## Background

On October 27, 2020, the trial court placed Benson on community supervision, subject to certain conditions. These conditions included that he "[n]ot use, possess, or consume any illegal drug or prescription drug not currently prescribed to [him] by a medical professional."

On June 27, 2024, the State moved to revoke Benson's community supervision on 12 grounds, including that he violated the conditions by "using, possessing, or consuming an illegal drug." In ground number 2, the State alleged that Benson:

> tested positive and confirmed on the following dates for the drugs specified: March 08, 2021 for CarboxyTHC (Marijuana), April 26,

2

2021 for CarboxyTHC (Marijuana), June 10, 2021 for Methamphetamines and CarboxyTHC (Marijuana), July 19, 2021 for CarboxyTHC (Marijuana), April 26, 2022 for CarboxyTHC (Marijuana), June 21, 2022 for CarboxyTHC (Marijuana), September 16, 2022 for CarboxyTHC (Marijuana); May 15, 2023 for CarboxyTHC (Marijuana), and January 17, 2024 for CarboxyTHC (Marijuana).

At a hearing on the State's motion, Benson pleaded "true" to this allegation— "Number 2"—with respect to "marijuana usage."[2]

Also at the hearing, Harris County Community Supervision and Corrections Department Officer J. Williams testified that she was assigned to supervise Benson beginning in November 2023, and she identified him in the courtroom.

Officer Williams testified that she has care, custody, and control of the community supervision records for the 177th District Court, that the records are kept in the Department's regular course of business, that it is the Department's regular practice to keep such records, and that the records are made at or near the time of the events they represent by a person with personal knowledge.

Officer Williams testified that Benson was placed on community supervision on October 27, 2020 for a period of eight years, subject to certain conditions— including that he not use, possess, or consume illegal drugs. And, based on the Department's records, Benson tested positive for marijuana use nine times—on March 8, 2021, April 26, 2021, June 10, 2021, July 19, 2021, April 26, 2022, June

---

[2]   Benson pleaded "not true" to the other 11 allegations.

3

21, 2022, September 16, 2022, May 15, 2023, and January 17, 2024. The trial court took judicial notice of its file and admitted into evidence its judgment with conditions and the State's motion to revoke.

Benson testified that, as a result of his violations, he was referred to substance abuse treatment and that he attended classes. He admitted: "I do have a drug problem," and "I have used drugs while I was on probation." He stated that he "did use marijuana" and "got clean for awhile" but, "during the treatment, [he] relapsed" and "started smoking again." He admitted that he smoked marijuana on September 16, 2022, one of the State's alleged dates, and that he otherwise had "dirty UAs."

The trial court found that Benson violated the conditions of community supervision by "using, possessing, or consuming an illegal drug" and revoked his community supervision.

## Revocation of Community Supervision

In his sole issue, Benson contends that the trial court abused its discretion in revoking his community supervision because the "evidence is insufficient for the court to find a violation by a preponderance of the evidence." According to Benson, the evidence is insufficient because Officer Williams was not competent to testify about his drug use and her testimony was conclusory. He asserts that the "only day that [he] admitted smoking marijuana was September 16, 2022," and his previous

4

community supervision officer "had already successfully addressed" that by referring him to drug treatment.

## A.    *Standard of Review and Legal Principles*

We review a trial court's order revoking community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).  A trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006).

Generally, "[a] plea of true, standing alone, is sufficient to support the revocation of community supervision." *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015).  And "proof of a single violation will support revocation." *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *see Simpson v. State*, 591 S.W.3d 571, 576 (Tex. Crim. App. 2020) (testing positive for marijuana use on one occasion, standing alone, authorizes revocation of community supervision).

## B.    *Discussion*

Here, the State alleged in ground 2 of its motion to revoke that Benson violated the conditions of community supervision by "using, possessing, or consuming an illegal drug," including marijuana and methamphetamines, on nine

5

occasions. The record shows that Benson unequivocally pleaded "true" to this allegation—"Number 2"—with respect to "marijuana usage."

It is settled that "once a plea of true has been entered, a defendant may not challenge the sufficiency of the evidence to support the subsequent revocation." *Moore v. State*, 11 S.W.3d 495, 498 n.1 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *see Simpson*, 591 S.W.3d at 577 ("When a defendant pleads 'true' to an allegation at a revocation proceeding, [he] essentially concedes that the State has enough evidence to prove the allegation by a preponderance of evidence.").[3]

Benson's plea of true to the alleged violation thus constitutes legally sufficient evidence to support the trial court's finding that he violated the conditions of his community supervision. *See Tapia*, 462 S.W.3d at 31 n.2; *Duncan v. State*, 321 S.W.3d 53, 58 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). And his single violation is sufficient to support revocation. *See Garcia*, 387 S.W.3d at 26.

---

[3] *See, e.g.*, *Salinas v. State*, No. 14-11-00747-CR, 2013 WL 709266, at *2 (Tex. App.—Houston [14th Dist.] Feb. 26, 2013, pet. ref'd, untimely filed) (mem. op., not designated for publication) (appellant may not challenge sufficiency of evidence after entering plea of true); *Maddox v. State*, No. 2-08-020-CR, 2009 WL 213715, at *3 (Tex. App.—Fort Worth Jan. 29, 2009, no pet.) (mem. op., not designated for publication); *Kent v. State*, No. 12-01-00244-CR, 2002 WL 335282, at *1 (Tex. App.—Tyler Feb. 28, 2002, pet. ref'd) (not designated for publication) (plea of true to violations of community supervision precluded challenge to sufficiency of evidence).

Accordingly, we hold that the trial court did not abuse its discretion in finding that Benson violated a condition of community supervision and in revoking his community supervision.[4]

## Conclusion

For all of the reasons above, we overrule Benson's sole issue challenging the sufficiency of the evidence and affirm the trial court's judgment in all things.


Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[4] *See, e.g.*, *Rodriguez-Sanchez v. State*, No. 01-17-00344-CR, 2018 WL 1189106, at *5 (Tex. App.—Houston [1st Dist.] Mar. 8, 2018, no pet.) (mem. op., not designated for publication); *Garcia v. State*, No. 01-15-00133-CR, 2015 WL 5886267, at *2 (Tex. App.—Houston [1st Dist.] Oct. 8, 2015, no pet.) (mem. op., not designated for publication).