

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00260-CR

_____

MELANIE KAE HOLLAND, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CR23-00027

---

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

In a single point, appellant Melanie Kae Holland contends that the trial court abused its discretion by revoking her community supervision and by failing to grant her a new trial. We affirm.

## II. Procedural Background

In 2023, Holland pleaded guilty in Cooke County to hindering apprehension or prosecution of a known felon in exchange for a sentence of eight years' confinement, probated[1] for five years. As part of the agreement, she waived her right to appeal. Holland began her community supervision in Cooke County, but it was later transferred to Grayson County.

In 2024, the State filed a motion to revoke Holland's community supervision, alleging that she had violated five of the conditions, including failing to report; failing to work any community-service hours; failing to submit to urinalysis (UA) tests as ordered; and failing to pay court costs. The trial court appointed counsel for Holland. After a hearing at which Holland pleaded true to all of the State's allegations, the trial court revoked her community supervision and sentenced her to four years' incarceration.

---

[1]In this memorandum opinion, we use the terms probation and community supervision interchangeably.

Holland's appointed counsel timely filed a motion for new trial and an amended motion for new trial, alleging facts outside the record: that at the time of her original plea in 2023, Holland was suffering from health issues that had caused her not to understand the consequences of her plea. The trial court denied the amended motion, and Holland timely appealed.

### III. Trial Court Did Not Abuse its Discretion by Revoking Holland's Community Supervision or by Denying Her Amended Motion for New Trial

In one point, Holland complains that the trial court erred by revoking her community supervision because (1) even though she admitted violating her conditions, she explained how the circumstances of her violations were beyond her control and (2) she had showed that she was making sincere efforts to redeem herself. Holland also complains that the trial court abused its discretion by denying her amended motion for new trial because she did not fully understand her initial guilty plea.

To begin with, we overrule Holland's new-trial complaint. "A defendant placed on 'regular' community supervision may raise issues relating to the conviction . . . only in appeals taken when community supervision is originally imposed," not "in appeals filed after 'regular' community supervision is revoked."

*Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999).[2] Thus, the trial court did not abuse its discretion by denying Holland's motion for new trial.

Next, we consider Holland's argument that revocation was unwarranted because of the evidence in her favor. In a revocation proceeding, the trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

The State did not offer any evidence in light of Holland's true pleas. A defendant's plea of true is generally sufficient on its own to support a trial court's decision to revoke community supervision. *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015); *Duncan v. State*, 321 S.W.3d 53, 58 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

Holland called two witnesses—herself and a recovery counselor who had met with Holland several times in the Cooke County Jail—and provided the trial court with three character letters from family members.

The recovery counselor testified generally that she had seen a "true" change in Holland, that she thought Holland would be successful remaining on community

---

[2]Holland has not argued that an exception to this general rule applies, and nothing in the record indicates that any recognized exception would apply. *See Wright v. State*, 506 S.W.3d 478, 482 (Tex. Crim. App. 2016) (discussing void-judgment exception); *Jordan v. State*, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001) (discussing possibility of relief via pretrial habeas corpus application).

supervision, and that she did not think incarceration would help Holland. But on cross-examination, the counselor admitted that she had never discussed with Holland what problems or struggles of hers had led to her conviction. She also agreed that someone who had been given the chance of probation and then had failed to comply with its terms had shown no benefit from the probation.

Holland testified and explained that at the time of her 2023 arrest, she had medical conditions that confined her to a wheelchair and that she had no transportation.[3] She likewise had no transportation during her community supervision.[4] When asked about Grayson County's attempted visit to her home in October 2023, she responded that she did not know anyone had tried to visit her, and she explained, "I didn't know they came, but I don't go anywhere. I had no way to go nowhere, and if I went, I walked." Holland said that she had failed to submit to a UA because her medical condition made urinating difficult and although she had tried to explain that fact to the probation officer, the officer "would not hear anything [Holland] had to say."[5]

---

[3]She said that after her arrest, she taught herself to walk while in the Cooke County Jail.

[4]On cross-examination, Holland said that during her probation, she had been "going to classes and stuff in the world, even though" she had not reported because of her lack of transportation.

[5]On cross-examination, Holland testified that she had brought the medical records documenting her condition with her to the Cooke County Jail but that Cooke County did not have those records anymore.

Holland also stated that she had been a long-time drug addict and had been to prison for over seventeen years. She admitted having been incarcerated five times. Despite this history, Holland had worked as a babysitter while on community supervision and had worked as a caretaker for an elderly couple before her 2023 arrest. According to Holland, she knew that if given a second chance, she could succeed on community supervision.

First, the trial court did not have to believe Holland's or the recovery counselor's testimony. *See Hacker*, 389 S.W.3d at 868. But even if it did, the trial court could have taken into account that Holland had agreed to community supervision knowing that she had no way to report and thus could have concluded that Holland had never intended to comply with at least one of her community-supervision's terms. Additionally, the trial court was entitled to consider that if being incarcerated five times had not prompted Holland to make lasting change, continuing her community supervision would not do so. For these reasons, we hold that the trial court did not abuse its discretion by revoking Holland's community supervision. *See, e.g., Perez v. State*, No. 08-23-00314-CR, 2024 WL 3195845, at *5 (Tex. App.—El Paso June 26, 2024, no pet.) (mem. op., not designated for publication); *Poss v. State*, No. 02-12-00010-CR, 2013 WL 2435536, at *2 (Tex. App.—Fort Worth June 6, 2013, pet. ref'd) (mem. op., not designated for publication); *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.).

We overrule Holland's sole point.

6

## IV. Conclusion

Having overruled Holland's sole point, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 7, 2026