PD-0447-15

PD-0447-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/21/2015 3:03:55 PM
Accepted 4/22/2015 10:35:11 AM
ABEL ACOSTA
CLERK

PDR No. _____

_____

**In The Court of Criminal Appeals of Texas**

_____

**JOSEPH WALTER HICKMAN, Appellant**

v.

**THE STATE OF TEXAS, Appellee.**

_____

**On Appellant's Petition for Discretionary Review
From the Fourteenth Court of Appeals,
Appeal No. 01-14-00039-CR
On Appeal from the 412th District Court
of Brazoria County Texas,
Cause No. 64265.**

_____

**PETITION FOR DISCRETIONARY REVIEW
FOR APPELLANT, JOSEPH WALTER HICKMAN**

_____

Oral Argument Requested

**Cary M. Faden**
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478
Telephone: (281) 491-6182
Texas Bar No. 06768725
**E-MAIL: caryfaden@aol.com**

Attorney for Appellant

FILED IN
COURT OF CRIMINAL APPEALS

April 22, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P., Rule 38.1(a) and Rule 68.4(a), appellant certifies that the following is a complete list of the parties to the final judgment and the names and addresses of counsel in the trial and on appeal:

Appellant:

Joseph Walter Hickman

Counsel for Appellant:

James Dennis Smith (at trial)
4615 Southwest Freeway, Suite 520
Houston, Texas 77027

**Cary M. Faden** (on appeal)
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478

Counsel for the State of Texas:

Jeri Yenne
Wesley C. Clayton
Brazoria County, Texas
District Attorney
111 East Locust, Room 408A
Angleton, Texas 77515

Trial Judge:

The Honorable W. Edwin Denman

## Table of Contents

Index of Authorities.................................................................................................v

Statement Regarding Oral Argument.........................................................................vi

Statement of the Case..............................................................................................vi

Procedural History of the Case................................................................................vii

Ground for Discretionary Review................................................................................2

### GROUND ONE

**THE FIRST COURT OF APPEALS ERRED IN REFUSING TO CONDUCT A HARM ANALYSIS AND TO APPLY THE LAW IN FINDING THE TRIAL COURT DID NOT COMMIT AN ABUSE OF DISCRETION IN A REVOCATION OF COMMUNITY SUPERVISION HEARING.**

Reasons to Grant Review in Support of Ground for Review........................................2

Review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another court of appeals on the same matter, namely:

Ground One: *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App.1984); *Cherry v. State,* 215 S.W.3d 917, 919 (Tex. App. - Fort Worth 2007, pet. ref'd); *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Duncan v. State,* 321 S.W.3d 53, 57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Rickels v. State,* 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006); *Scamardo v. State,* 517 S.W.2d 293, 298 (Tex. Crim. App. 1974); *Silber v. State,* 371 S.W.3d 605, 611 (Tex. App. - Houston [1st Dist.] 2012, no pet.).

Review is proper, under Tex. R. App. P. 66.3 (b), because the Court Of

Appeals has rendered a decision, which encompasses an important question of state law, which has not been, but should be, settled by this Court.

Review is important, under Tex. R. App. P. 66.3(f), because the Court Of Appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this Court's power of supervision.

Argument And Authorities In Support Of Ground For Review One..................................................................................................3

Prayer for Relief....................................................................................10

Certificate of Service.............................................................................12

Appendix-First Court Of Appeals Judgment & Opinion

iv

# INDEX OF AUTHORITIES

## CASES:

*Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)..........................iii,2,10

*Cherry v. State,* 215 S.W.3d 917, 919 (Tex. App. - Fort Worth 2007, pet. ref'd)..........................................................................................................iii,2,10

*Cobb v. State,* 851 S.W.2d 871,873 (Tex. Crim. App. 1993)..............................iii,2,10

*Duncan v. State,* 321 S.W.3d 53, 57 (Tex. App. - Houston [1st Dist.] 2010, pet. ref'd)..........................................................................................................iii,2,4

*Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).............................iii,2,4

*Rickels v. State,* 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006)..............iii,2,3,4,10

*Scamardo v. State,* 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)........................iii,2,4

*Silber v. State,* 371 S.W.3d 605, 611 (Tex. App. - Houston [1st Dist.] 2012, no pet.)....................................................................................................iii,2,3,4,5

## STATUES, CODES, AND RULES:

Tex. R. App. P. 66.3(a)..........................................................................................iii,2,3

Tex. R. App. P. 66.3(b).............................................................................................iii,2

Tex. R. App. P. 66.3(f)...........................................................................................iv,2,3

Tex. R. App. P. 68.2.................................................................................................vii

Tex. R. App. P. 68.4(c)..............................................................................................vi

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App. P. 68.4(c), counsel respectfully requests oral argument. Oral argument would be helpful in the event this petition for discretionary review is granted. This appeal involves questions of law, questions of fact, public policy and procedure which cannot be adequately addressed, analyzed and evaluated through written communication alone. Oral argument is essential to emphasize the unique characteristics of these questions and to address the unforeseeable exigencies arising during the Court's consideration of this appeal.

## STATEMENT OF THE CASE

On February 24, 2011, Joseph Walter Hickman, Appellant, was indicted for the second degree felony offense of sex offender duty to register. (1 CR at 4). The offense was alleged to have occurred on or about September 15, 2009. (1 CR at 4). On August 23, 2012, Appellant pleaded guilty to the indictment. (1 CR at 7-8). After Appellant's plea of guilty, the trial court assessed Appellant's punishment at confinement in the Texas Department of Criminal Justice-Institutional Division for a period of five (5) years, with a $500.00 fine; probated for a period of five (5) years. (1 CR at 7-13). On September 6, 2013, the State of Texas filed a Petition For Revocation Of Probated Sentence. (1 CR at 17-19). On January 9, 2014, the trial court conducted a hearing on the State's Petition For Revocation Of Probated Sentence, the trial court found terms

1, 2, 5, and 6, to be true, and revoked Appellant's probated sentence and assessed Appellant's punishment at confinement in the Texas Department of Criminal Justice-Institutional Division for a period of forty-two (42) months, with no fine. (1 CR at 30-31) On June 18, 2012, Appellant timely filed his notice of appeal. (1 CR at 23).

## PROCEDURAL HISTORY OF THE CASE

On February 19, 2015, the First Court of Appeals affirmed Appellant's conviction. *Hickman v. State*, Nos. 01-14-00039-CR, slip op. at 1-10 (Tex. App.–Houston [1st Dist.], February 19, 2015, pet. pending). On February 27, 2015, Appellant timely filed his motion for rehearing. The First Court Of Appeals overruled and denied Appellant's Motion For Rehearing on March 31, 2015. On April 21, 2015, Appellant timely filed this Petition For Discretionary Review with the Clerk of the Court Of Criminal Appeals. TEX. R. APP. P. 4.1 and 68.2.

PDR No. _____

_____

In The Court of Criminal Appeals of Texas

_____

JOSEPH WALTER HICKMAN, Appellant

v.

THE STATE OF TEXAS, Appellee.

_____

On Appellant's Petition for Discretionary Review
From the First Court of Appeals,
Appeal No. 01-14-00039-CR,
On Appeal from the 412th District Court
of Brazoria County Texas,
Cause No. 64265.

_____

PETITION FOR DISCRETIONARY REVIEW
FOR APPELLANT, JOSEPH WALTER HICKMAN

_____

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW Appellant, Joseph Walter Hickman, by and through his attorney

of record, Cary M. Faden, and files this petition for discretionary review of the

February 19, 2015, decision of the First Court of Appeals of Texas in *Hickman v.*

1

*State*, No. 01-14-00052-CR, slip op. at 1-10 (Tex. App. – Houston [1st Dist.], February 19, 2015, pet. pending); and would respectfully show the Court following:

## GROUNDS FOR REVIEW

### GROUND ONE

**THE FIRST COURT OF APPEALS ERRED IN REFUSING TO CONDUCT A HARM ANALYSIS AND TO APPLY THE LAW IN FINDING THE TRIAL COURT DID NOT COMMIT AN ABUSE OF DISCRETION IN A REVOCATION OF COMMUNITY SUPERVISION HEARING.**

REASONS TO GRANT REVIEW IN SUPPORT OF GROUNDS FOR REVIEW

Review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another court of appeals on the same matter, namely:

Ground One: *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App.1984); *Cherry v. State,* 215 S.W.3d 917, 919 (Tex. App. - Fort Worth 2007, pet. ref'd); *Cobb v. State,* 851 S.W.2d 871,873 (Tex. Crim. App. 1993); *Duncan v. State,* 321 S.W.3d 53, 57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Rickels v. State,* 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006); *Scamardo v. State,* 517 S.W.2d 293, 298 (Tex. Crim. App. 1974); *Silber v. State,* 371 S.W.3d 605, 611 (Tex. App. - Houston [1st Dist.] 2012, no pet.).

Review is proper, under Tex. R. App. P. 66.3 (b), because the Court Of Appeals has rendered a decision, which encompasses an important question of state law, which has not been, but should be, settled by this Court.

Review is important, under TEX. R. APP. P. 66.3(f), because the Court Of Appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this Court's power of

supervision.

## ARGUMENT AND AUTHORITIES IN SUPPORT OF GROUND FOR REVIEW ONE

In its February 19, 2015, opinion, the First Court Of Appeals affirmed Appellant's convictions in finding the trial court did not abuse its discretion in revoking Appellant's community supervision and refused to conduct a harm analysis.

This Court should review this issue, and review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another court of appeals on the same matter; and review is appropriate, under Tex. R. App. P. 66.3 (d), because the Court Of Appeals appears to have misconstrued a statute, rule, regulation, or ordinance; and review is important, under Tex. R. App. P. 66.3(f), because the Court Of Appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this Court's power of supervision.

The First Court Of Appeals stated in its opinion: At a hearing to revoke a defendant's community supervision, the State must prove by a preponderance of the evidence that the defendant has violated a condition of his community supervision. *Rickels v. State,* 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006); *Silber v. State,* 371 S.W.3d 605, 611 (Tex. App. - Houston [1st Dist.] 2012, no pet.). A preponderance of

3

the evidence supports an order revoking probation when the "greater weight of the credible evidence . create[s] a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763-64 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)).

Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion in ruling that the defendant violated the terms of his community supervision. *Id.* at 763; *Silber*, 371 S.W.3d at 611. We examine the evidence in the light most favorable to the trial court's order. *Silber*, 371 S.W.3d at 611; *Duncan v. State*, 321 S.W.3d 53, 57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref d). A finding of a single violation of the terms of community supervision is sufficient to support revocation. *Silber*, 371 S.W.3d at 611; *see also Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation.").

Here, as a condition of his probation, appellant was required to attend review hearings before the trial court. Appellant himself acknowledges that he failed to appear at his June 2013 and August 2013 review hearings. He testified that he was having health and vehicle problems, but he acknowledged that he could provide no documentation regarding those problems. He testified that he did not attend the review hearings because he did not know that he needed to do so. However, the

4

State presented evidence, in the form of the trial court's own file and the testimony of appellant's probation officers, that appellant *was* notified of this requirement and that he was provided notice of the specific dates and times of his review hearings. Thus, we conclude that the "greater weight of the credible evidence . . . create[s] a reasonable belief' that appellant violated a condition of his probation by failing to appear for his review hearings. *See Rickels,* 202 S.W.3d at 763- 64.

We conclude that the trial court did not abuse its discretion in ruling that appellant violated this term of his community supervision. *See id* at 763; *Silber,* 371 S.W.3d at 611. Because a finding of a single violation of the terms of community supervision is sufficient to support revocation, we need not consider the remaining grounds for revocation found by the trial court. *See Silber,* 371 S.W.3d at 611. The First Court overruled appellant's sole issue.

Appellant contended the trial court abused its discretion in revoking Appellant's community supervision. The State failed to meet its burden of proof of a preponderance of the evidence that Appellant violated the terms and conditions of his community supervision, thus, the trial court abused its discretion in revoking the community supervision.

***The trial court found terms 1, 2, 5, and 6 to be true.***

1. **In that the Defendant, JOSEPH WALTER HICKMAN, failed to**

**report to the supervision officer as directed by the Court, during the months of July and August, 2013, this being in violation of term "H" of the conditions of supervision;**

Debra Jones testified this case was transferred from Brazoria County to her county so she arranged to have an appointment with him. That date was September 24, 2012. Appellant reported to her the first time it was on the same day September 24th. In June of 2013, he reports and she gave him an appointment card for July 11th, and told him to return on July 11th. She claimed in July, 2013, he did not report. In August, 2013, he did not report. (1 RR at 7-17). Cross examination, it was determined he was reporting and he actually reported to her in September, 2012; October, 2012; December, 2012; January, 2013; February, 2013; March, 2013; April, 2013; May, 2013; and June, 2013. He reported every month the way he was supposed to until July. He was going to the VA for health issues. At one point he did share some information that he thought was inappropriate, and it was about his health situation. His last office visit he said he's still undergoing tests and procedures at the VA clinic in Lufkin and in the VA hospital in Houston. During one of our office visits he said he had a trapped testicle since he was an adolescent and that it caused him to be what he referred to as a eunuch. (1 RR at 17-31).

Appellant testified he reported each and every month until July and August of 2013. He was having health issues at the time with heart and diabetes, basically went

6

through most of his medical problems, such as heart trouble. He had car problems and he was allowed to reschedule the probation meeting for July of 2013. (1 RR at 56-73). Cross examination, he didn't come to court in August, 2013, he did not recall receiving notice. In August, 2013, hid did not recall if he showed up to didn't show up for it. He said he did not know he was supposed to or not. (1 RR at 73-89).

    **(2)    In that the Defendant, JOSEPH WALTER HICKMAN, on or about the 23 day of the month for the same months of February, March, April, May, June, and July, 2013, failed to pay a supervision fee, as directed by the Court, this being in violation of term "R1" of the conditions of supervision;**

Debra Jones testimony silent as to testimony on the payment of supervision fees. (1 RR at 7-17). Cross examination. (1 RR at 17-31). Steven Duke testimony silent as to testimony on the payment of supervision fees. (1 RR at 32-36). Cross examination. (1 RR at 36-39). Miranda Craddock testimony silent as to testimony on the payment of supervision fees. (1 RR at 39-42). Cross examination. (1 RR at 42-43). Kelly Wright testimony silent as to testimony on the payment of supervision fees. (1 RR at 46-53). Cross examination. (1 RR at 53-55). Appellant testified, the record is silent with regard to the payment of supervision fees. (1 RR at 56-73). Cross examination. (1 RR at 73-89).

    **5.    In that the Defendant, JOSEPH WALTER HICKMAN, failed to appear on June 20, 2013 at 9:00 a.m. for a review before the court, this being in violation of term "II" of the conditions of supervision;**

7

Steven Duke testified in June 20th, 2013, he was here in this courtroom. It was a 9:00 a.m. docket, and the Defendant failed to show. August 23, 2013, he put it in his notes that the Defendant failed to show for his review hearing on this date. (1 RR at 32-36). Cross examination, of no issue. (1 RR at 36-39).

Miranda Craddock testified on June 26th she had mailed a letter regarding the missed court date on the 20th of June. (1 RR at 39-42). Cross examination, the letter sent was not sent by registered mail, return receipt request, no proof that the letter was received by Mr. Hickman. (1 RR at 42-43).

Kelly Wright testified she went to visit with Appellant at the jail, he didn't understand why he was in jail, why he was on probation or really he just said he didn't know why he was still on probation or why he had to register. He said that he had been sick, everybody knew he was sick. (1 RR at 46-53). Cross examination, she had no knowledge, personal knowledge, regarding any of the particular violations that are alleged herein. (1 RR at 53-55).

Appellant testified it was alleged he did not report or did not show up for the review hearing on June 20, 2013. He did not remember the circumstances. He did not receive any mail regarding a review hearing that you was supposed to attend. (1 RR at 56-73). Cross examination. (1 RR at 73-89).

6. **In that the Defendant, JOSEPH WALTER HICKMAN, failed to**

**appear on August 23, 2013 at 9:00 a.m. for a review before the court, this being in violation of term "II" of the conditions of supervision;**

Steven Duke testified on August 23, 2013, he put it in my notes that the Defendant failed to show for his review hearing on this date. (1 RR at 32-36). Cross examination, of no issue. (1 RR at 36-39). Steven Duke was re-called, about notifying Mr. Hickman of his review docket his review hearing on August 23, 2013. His notes show that on June 27th he called the number that he had on record for Ms. Christy Hickman and he advised her that he needed to speak with the Defendant. On July 5th he called him, (936) 204-6343, and told him his next court date was set for August 23rd at 9:00 o'clock and that he must appear at that date. He did not appear. (1 RR at 43-45). Cross examination, he claimed he had personal contact with Mr. Hickman. He claimed he recognized the voice on the telephone to be his. (1 RR at 45-46).

Appellant testified regarding the August the 23rd of 2013, review hearing, he did not receive any kind of notification through the mail that he had a review hearing on that day. (1 RR at 56-73). Cross examination, he didn't come to court in August, 2013, he did not recall receiving notice. In August, 2013, hid did not recall if he showed up to didn't show up for it. He said he did not know he was supposed to or not. (1 RR at 73-89).

The trial court abused its discretion in revoking Appellant's community

supervision. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App.2006); *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App.1984); *Cherry v. State,* 215 S.W.3d 917, 919 (Tex. App. - Fort Worth 2007, pet. ref'd). The State failed to prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State,* 851 S.W.2d 871,873 (Tex. Crim. App. 1993); *Cherry,* 215 S.W.3d at 919. The State failed to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona,* 665 S.W.2d at 493-94.

Appellant is in dispute with the First Court's opinion issued and requests that this Court consider this Petition For Discretionary Review. Appellant urges this Petition based upon the fact that this Court attempts to address the issues as briefed. The Court Of Appeals lack of cited case law has departed from the accepted and usual course of judicial proceedings and the case law cited by Appellant in his Petition For Discretionary Review, as to call for an exercise of this Court's power of supervision.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant, Joseph Walter Hickman, prays that the Court grant the Petition For Discretionary Review for Appellant, order briefing on this cause, and set it for submission at the earliest possible date. Moreover, upon submission and review of the appellate record and the

briefs and arguments of counsel, the Court issue an opinion resolving this conflict so that the bench and bar of this state will know how to address and dispose of similar issues in the future.

Respectfully submitted,

**/s/CARY M. FADEN**
**Cary M. Faden**
SBN 06768725
Counsel for Appellant
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478
Telephone: (281) 491-6182
Facsimile: (281) 491-0049
**E-Mail: caryfaden@aol.com**

Attorney For Appellant

## CERTIFICATE OF COMPLIANCE, T.R.A.P., RULE 9.4(3)

In accordance with TEX. R. APP. P. 9.4(3), I Cary M. Faden, certify that this is a computer generated document and I state that the number of words in this document is approximately 3,700 words. I am relying on the word count of the computer program used to prepare this document.

**/s/CARY M. FADEN**
**Cary M. Faden**

11

## CERTIFICATE OF SERVICE

In accordance with Tex. R. App. P. 9.5, I, Cary M. Faden, certify that a true and correct copy of the foregoing Petition For Discretionary Review has been served, by U.S. Mail, upon Joseph Walter Hickman, to the attorney for the State Of Texas, Jeri Yenne, District Attorney, Appellate Division, 111 E. Locust Street, Room 408A, Angleton, Texas 77515, to the State Of Texas Prosecuting Attorney, Lisa C. McMinn, P. O. Box 13046, Capitol Station, Austin, Texas 78711 on this the 21st day of April, 2015.

/s/CARY M. FADEN
**Cary M. Faden**

# APPENDIX



# JUDGMENT

# Court of Appeals

# First District of Texas

NO. 01-14-00039-CR

JOSEPH WALTER HICKMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

Appeal from the 412th District Court of Brazoria County.    (Tr. Ct. No. 64265).

This case is an appeal from the final judgment signed by the trial court on January 9, 2014. After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that the trial court's judgment contains no reversible error. Accordingly, the Court **affirms** the trial court's judgment.

The Court **orders** that this decision be certified below for observance.

Judgment rendered February 19, 2015.

Panel consists of Justices Keyes, Higley, and Brown. Opinion delivered by Justice Keyes.



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00039-CR

———————————

## JOSEPH WALTER HICKMAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

———————————

### On Appeal from the 412th District Court
### Brazoria County, Texas
### Trial Court Case No. 64265

———————————

### MEMORANDUM OPINION

Appellant, Joseph Walter Hickman, pleaded guilty to failure to register as a sex offender, and the trial court placed him on community supervision for five years. The State subsequently moved to revoke his community supervision. The trial court revoked appellant's community supervision and assessed appellant's

punishment at forty-two months' confinement. In one issue on appeal, appellant argues that the trial court abused its discretion by revoking his community supervision.

We affirm.

## Background

On February 24, 2011, in Brazoria County, appellant pleaded guilty to failure to register as a sex offender and the trial court placed him on community supervision for five years. Appellant was allowed to reside in Houston County, but he was still required to maintain contact with Brazoria County in addition to attending monthly appointments with a probation officer in Houston County. As an additional condition of his community supervision, appellant was required to complete eighty hours of community service at a rate of eight hours per week. Appellant was further required to appear at periodic review hearings before the trial court in Brazoria County.

On September 6, 2013, the State moved to revoke appellant's community supervision, alleging that appellant failed to (1) report to his supervision officer during the months of July and August 2013; (2) pay a supervision fee; (3) pay a fine; (4) perform community service; (5) appear at a June 2013 hearing; and (6) appear at an August 2013 review hearing.

The trial court conducted a hearing. Appellant's probation officer from Houston County, Debra Jones, testified that she met with appellant when he transferred from Brazoria County to Houston County. Jones stated that appellant had a negative attitude about being on probation and "just felt like he shouldn't have to be doing this." She testified that appellant was "reluctantly cooperative at first" and would attend his meetings with her and completed eleven hours of community service. Jones further testified that, at some point, appellant informed her he was too ill to continue doing his community service, but he never presented her with any documentation from a medical provider excusing him from community service.

Jones stated that she met with appellant in June 2013 and, at that meeting, they set the time for his next appointment in July and she gave him an appointment card with the date and time recorded on it. However, appellant did not report for his scheduled appointment in July, nor did he attempt to contact Jones to explain his absence or reschedule. Appellant failed to report to her again in August. Jones sent a letter to prompt him to report back to her and to schedule an appointment, but he never responded. She testified that the third time he failed to report and made no contact with her, she was required to refer his case back to Brazoria County, which she did in September 2013. Jones testified that she recommended revoking his probation because he failed to report and "it's difficult to work with

3

someone who just won't show up." On cross-examination, Jones acknowledged that appellant had reported to her every month from September 2012 until June 2013, and she testified that she was aware he had some health problems and that he had given her some letters showing that he had kept various appointments at the VA hospital.

Steven Duke, a probation officer with Brazoria County, also testified that appellant was required to attend a review hearing before the Brazoria County trial court on June 20, 2013, but he failed to appear. Appellant had another review hearing scheduled for August 23, 2013, and, again, he failed to appear. Duke testified that, in the past, appellant had called to say that he could not attend a review hearing scheduled for February 2013 because "he was ill," but appellant had made no contact with the court or one of his probation officers regarding his failure to appear at the June and August hearings. Duke testified that he called appellant after he missed his June 20 hearing. Appellant told Duke that he was not aware that he was supposed to appear and provided Duke with a new address. At that time, Duke informed appellant that he was required to appear at another review hearing on August 23 at 9:00 a.m. However, appellant failed to appear.

Another Brazoria County probation officer, Miranda Craddock, testified that appellant's case was assigned to her when he moved to Houston County. She testified that she maintained contact with appellant via phone calls and occasional

letters. Craddock testified that she sent appellant written notice of the June 20 hearing in February 2013. After his failure to appear in June, Craddock sent appellant another letter.

Kelly Wright, the probation officer assigned to appellant's case after the State moved to revoke his community supervision, testified that she visited appellant while he was in jail to discuss the allegations made against him and "just make sure he understood everything." She testified that appellant "didn't understand why he was in jail, why he was on probation or really he just said he didn't know why he was still on probation or why he had to register [as a sex offender]." Appellant told Wright that "he shouldn't have to register so this whole probation was bogus and he shouldn't have to do it." Wright testified that she reviewed appellant's original court orders with him and reminded him that he was on probation for failing to register and "he said, yes, but I shouldn't have to register."

Wright stated that she went through each allegation the State made in its motion to revoke and appellant "had a reason why he thought it was justified that he did what he did." For example, appellant told Wright that on one occasion when he failed to report, he was having car trouble and tried to report it but could not. He told her that he worked twenty hours of community service but was only given credit for eleven hours, so he refused to work any more hours if his time

5

would not be reported correctly. Wright testified that appellant informed her that he was sick in August 2013 and that was why he missed his hearing date. However, he could not provide her with any documentation and "never specified what was wrong with him." Appellant acknowledged to Wright that he never provided any documentation to his Houston County probation officer. He said that "everybody knew he was sick." Wright testified that, in her opinion, appellant was not taking his probation seriously and that his actions showed "a tremendous lack of effort." She also recommended that the trial court revoke his probation because "he does not believe he needs to be on probation, nor does he believe he needs to register as a sex offender. Therefore, I don't think he's going to participate in probation."

Appellant testified at the revocation hearing that he reported as required by the terms of his probation each month until July and August of 2013. He failed to report at that time because he "believe[d] he was having health issues at the time with [his] heart and diabetes." He stated that he told Jones, his Houston County probation officer, about his various health issues. Appellant also testified that he was not hospitalized during the time period relevant to this case. Regarding the State's specific allegations, he could not recall why he failed to report in July 2013 but he "probably was" having health issues at the time, and he also had problems

6

with his vehicle. Appellant testified that he notified Jones of his car trouble and attempted to reschedule his appointment, but he could not recall what happened.

Appellant also testified that he completed eleven hours of community service at his initial placement, but that office ran out of work for him. He found another community service assignment and completed twenty-nine hours of community service there, but he testified that he was never given any written confirmation of the hours he performed and his probation officer was supposed to call to get the report regarding his community service performance.

Regarding his failure to appear at his review hearings, appellant testified that he did not recall ever being notified to appear at either the June 20, 2013 or the August 23, 2013 hearing. He stated that he would "probably" recall if he had been contacted and that he would have attended had he been contacted. He again testified that he had on-going health issues that required a "series of appointments sometime during that time." He also testified that he would cooperate with the probation requirements if the trial court decided not to revoke his community supervision. On cross examination, appellant testified that he "probably did" have a phone conversation with Duke on July 5, 2013, but he could not recall what they had discussed.

The trial court also took judicial notice of its file in the case, which reflected that the trial court admonished appellant that he was required to appear in February

7

2013. Appellant did not appear in February 2013, but he contacted the trial court coordinator. The trial court rescheduled his review hearing for June 20, 2013, and instructed the court coordinator to send a letter with the new setting to appellant at his address of record. The trial court observed that the file contained no indication that the letter sent by the trial court was ever returned.

The trial court found that appellant failed to report to his supervision officer in July and August 2013, failed to pay a supervision fee, and failed to appear at the July and August review hearings, and the court revoked appellant's community supervision and assessed his punishment at forty-two months' confi nement. This appeal followed.

## Revocation of Community Supervision

In his sole issue on appeal, appellant argues that the trial court abused its discretion by revoking his community supervision.

### A. Standard of Review

At a hearing to revoke a defendant's community supervision, the State must prove by a preponderance of the evidence that the defendant has violated a condition of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006); *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.— Houston [1st Dist.] 2012, no pet.). A preponderance of the evidence supports an order revoking probation when the "greater weight of the credible

evidence . . . create[s] a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763–64 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)).

Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion in ruling that the defendant violated the terms of his community supervision. *Id.* at 763; *Silber*, 371 S.W.3d at 611. We examine the evidence in the light most favorable to the trial court's order. *Silber*, 371 S.W.3d at 611; *Duncan v. State*, 321 S.W.3d 53, 57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). A finding of a single violation of the terms of community supervision is sufficient to support revocation. *Silber*, 371 S.W.3d at 611; *see also Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation.").

### B. Analysis

Here, as a condition of his probation, appellant was required to attend review hearings before the trial court. Appellant himself acknowledges that he failed to appear at his June 2013 and August 2013 review hearings. He testified that he was having health and vehicle problems, but he acknowledged that he could provide no documentation regarding those problems. He testified that he did not attend the

9

review hearings because he did not know that he needed to do so. However, the State presented evidence, in the form of the trial court's own file and the testimony of appellant's probation officers, that appellant was notified of this requirement and that he was provided notice of the specific dates and times of his review hearings. Thus, we conclude that the "greater weight of the credible evidence . . . create[s] a reasonable belief" that appellant violated a condition of his probation by failing to appear for his review hearings. *See Rickels*, 202 S.W.3d at 763–64.

We conclude that the trial court did not abuse its discretion in ruling that appellant violated this term of his community supervision. *See id.* at 763; *Silber*, 371 S.W.3d at 611. Because a finding of a single violation of the terms of community supervision is sufficient to support revocation, we need not consider the remaining grounds for revocation found by the trial court. *See Silber*, 371 S.W.3d at 611.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

10