

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00403-CR

**CASEY LEE TILLISON,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

---

**From the 40th District Court
Ellis County, Texas
Trial Court No. 36116CR**

---

## MEMORANDUM OPINION

---

Casey Lee Tillison pled guilty to the offense of aggravated sexual assault of a child.  *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i), (2)(b) (West 2011).  The trial court deferred an adjudication of guilt and placed Tillison on community supervision for 10 years.  Two years later, the State filed a motion to proceed with an adjudication of Tillison's guilt.  After a hearing, the trial court found Tillison had violated three conditions of his community supervision, adjudicated Tillison guilty, and sentenced Tillison to 65 years in prison.  Because the trial court did not abuse its discretion in

revoking Tillison's community supervision and adjudicating Tillison's guilt, but erred in imposing a fine that was not orally pronounced at sentencing, the trial court's judgment is modified to delete the fine and affirmed as modified.

**ERROR IN THE JUDGMENT**

In his first three issues, Tillison complains about error in the written judgment which, he contends, should be modified. First, Tillison contends the judgment should be modified to properly reflect the sections of the Texas Penal Code of which he was found to have been convicted. However, Tillison cites to nothing to support the proposition that the judgment in this case needs to be modified. As the Code of Criminal Procedure requires, the judgment accurately reflects that Tillison was convicted of the offense of aggravated sexual assault of a child. TEX. CODE CRIM. PROC. ANN. art. 42.01, Sec. 1(13) (West 2006) ("The judgment shall reflect…the offense or offenses for which the defendant is convicted."). The Code does not require the statutory penal provisions or every nuance of the statutory penal provisions also be reflected in the judgment. The fact that the Penal Code provision cited along with the name of the offense in this particular judgment only refers to the subsection regarding the victim's age does not make the judgment in need of correction. Tillison's first issue is overruled.

Next, Tillison complains that the judgment must be reformed because the elected County and District Attorney for Ellis County was listed on the judgment instead of the

assistant who participated in the revocation hearing. Again, Tillison cites to nothing to show that the elected State's attorney cannot be named in the judgment if he did not participate in the proceeding resulting in the judgment. The Texas Code of Criminal Procedure states that a judgment shall reflect "[t]hat the case was called and the parties appeared, naming the attorney for the state . . . and the attorney for the defendant[.]" TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(2) (West 2006). The elected County and District Attorney for Ellis County is the attorney for the State in this case. Tillison's second issue is overruled.

Lastly, Tillison asserts the trial court erred in imposing a fine in its written judgment when the court had not imposed a fine in its oral pronouncement of Tillison's sentence. When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). The State agrees that no fine was orally pronounced by the trial court during Tillison's sentencing. Accordingly, Tillison's third issue is sustained.

**VIOLATIONS OF COMMUNITY SUPERVISION**

In his last three issues, Tillison complains that the trial court abused its discretion in adjudicating Tillison's guilt based on a violation of conditions 34, 35, and 38 of his terms of community supervision. Condition 34 related to Tillison having no contact with a person under the age of 17 unless supervised by a person approved by the community supervision department; condition 35 related to Tillison participating in sex

offender counseling until successful discharge; and condition 38 related to Tillison submitting to random polygraph exams.

The decision to proceed to adjudication of guilt is reviewable in the same manner as a revocation of "ordinary" community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (West 2006); *Duncan v. State*, 321 S.W.3d 53, 56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). We review a decision to revoke community supervision, and by extension a decision to adjudicate, for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Duncan*, 321 S.W.3d at 56-57. The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Further, the violation of a single condition of community supervision is sufficient to support a revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision.") (quoting *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Thus, in order to prevail on appeal, an appellant must *successfully* challenge all the findings that support the revocation order. *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

At times, Tillison was under the supervision of the Dallas County Community Supervision and Corrections Department. While under Dallas County's supervision,

Tillison admitted to his community supervision officer that he had contact with a 17 year old minor, Tillison's niece, at Tillison's brother's party. Tillison's brother could not recall if Tillison was at the party. There was testimony, however, that at the time of the party, the niece would have been only 16 years old. This is enough to support the trial court's finding that Tillison violated condition 34, relating to Tillison having no contact with a person under the age of 17 unless supervised by a person approved by the department. Because proof by a preponderance of the evidence of only one violation is sufficient to support revocation, the trial court did not abuse its discretion in revoking Tillison's community supervision and adjudicating Tillison's guilt. Tillison's fourth, fifth, and sixth issues are overruled.

CONCLUSION

Having determined the trial court did not abuse its discretion in revoking Tillison's community supervision and adjudicating Tillison's guilt but also having sustained Tillison's third issue regarding the imposition of a fine not orally pronounced at sentencing, we modify the trial court's judgment to delete the fine and affirm the judgment as modified.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed as modified
Opinion delivered and filed July 2, 2015
Do not publish
[CRPM]

